**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| UNIVERSAL MUSIC CORP., W CHAPPELL MUSIC CORP. d/b/a WC MUSIC CORP., J & N PUBLISHING d/b/a JUAN & NELSON PUBLISHING, <br><br>                          Plaintiffs, <br><br> V. <br><br> EMPIRE ENTERTAINMENT GROUP, LLC and ROBERT F. BARTOLOMEO, <br><br>                          Defendants. | CIVIL ACTION NO. |

## COMPLAINT

Plaintiffs Universal Music Corp., W Chappell Music Corp. d/b/a WC Music Corp., and J & N Publishing d/b/a Juan & Nelson Publishing for their complaint against Defendants, Empire Entertainment Group, LLC and Robert F. Bartolomeo, allege:

1.     This is a suit for copyright infringement under Title 17 of the United States Code, 17 U.S.C. §101 et. seq.

2.     This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a) because it is a civil action arising under the Copyright Law of the United States.

3.     Venue in this District is proper pursuant to 28 U.S.C. § 1400(a) because the Defendants reside and may be found in this District.

4.     Plaintiffs allege three (3) causes of action for copyright infringement based on the Defendants' public performances of Plaintiffs' copyrighted musical compositions.

5.     Schedule A to the Complaint sets forth in table form the allegations made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

**THE PARTIES**

6. Defendant Empire Entertainment Group, LLC is a limited liability company organized under the laws of the State of Connecticut, with a principal place of business located at 11 Dogwood Road, North Haven, CT, 06473.

7. At all times hereinafter mentioned Empire Entertainment Group, LLC did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as Gotham Citi Cafe, located at 84 Orange Street, New Haven, Connecticut 06510.

8. Musical compositions were and are publicly performed at Gotham Citi Cafe.

9. Defendant Robert F. Bartolomeo ("Bartolomeo") is an individual who resides and/or does business in this District and on information and belief resides at 11 Dogwood Road, North Haven, Connecticut 06473.

10. At all pertinent times, Bartolomeo was, and still is, an owner, officer, and/or member of Empire Entertainment Group, LLC.

11. At all pertinent times Bartolomeo was, and still is, responsible for the control, management, operation and maintenance of the affairs of Empire Entertainment Group, LLC.

12. At all pertinent times, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at Gotham Citi Café, including the right and ability to supervise and control the public performance of musical compositions at Gotham Citi Café.

13. Each Defendant derives a direct financial benefit from the public performance of musical compositions at Gotham Citi Café.

14.    The Plaintiffs named in Column 2 of Schedule A\* are the owners of the copyrights in the original musical compositions listed in Column 3 and are properly joined in this complaint under Rule 20 of the Federal Rules of Civil Procedure.

15.    Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its more than one million songwriter, composer, and music publisher members.

16.    Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions.  On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

## DEFENDANTS' COPYRIGHT INFRINGEMENT

17.    In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights. Defendants' knowledge and intent are established by at least the following facts.

18.    For years, ASCAP has attempted to contact the Defendants, or their representatives, agents, or employees, to offer an ASCAP license for Gotham Citi Café.

19.    ASCAP's representatives have contacted Defendants via telephone and attempted to contact Defendants via mail, electronic mail, and telephone for purposes of offering Defendants a license to perform ASCAP's members' musical compositions.

---

\* All references to "columns" herein refer to the numbered columns set forth in Schedule A.

20.     Defendants have ignored all of ASCAP's offers of an ASCAP license for Gotham Citi Café.

21.     ASCAP's numerous communications offering an ASCAP license for Gotham Citi Café gave Defendants notice that unauthorized performances of ASCAP's members' musical compositions at Gotham Citi Café constitute copyright infringement.

22.     Notwithstanding the foregoing, Defendants have continued to present public performances of the copyrighted musical compositions of ASCAP members at Gotham Citi Café, including the copyrighted works involved in this action, without permission, during the hours that the establishment is open to the public for business and presenting musical entertainment.

23.     The many unauthorized performances at Gotham Citi Café include the performances of the three copyrighted musical compositions upon which this action is based.

24.     The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

25.     The original musical compositions listed in Column 3 were published on the dates stated in Column 5, and since the date of publication have been printed and published in conformity with Title 17 of the United States Code.

26.     The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified in Column 6.

27.     Defendants on the dates specified in Column 7, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by giving public performances of the compositions at Gotham Citi Café.

28. The public performances at Gotham Citi Café of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 7 were unauthorized.

29. At the times of the acts of infringements complained of, the Plaintiff named in each cause of action (Column 2) was the owner of the copyright in the composition named in Column 3.

30. Neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer was licensed by, or otherwise received permission from any Plaintiff, ASCAP, or any agent, servant, or employee of any Plaintiff, to give such performances.

31. Defendants knowingly and intentionally infringed Plaintiffs' copyrights.

32. Unless enjoined, Defendants intend to and will continue such infringing performances.

33. Defendants' wrongful acts have caused and are causing injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains the Defendants from continuing to offer unlicensed public musical performances, Plaintiffs will suffer irreparable injury, for all of which Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

I. That Defendants and all persons acting under the direction, control, permission or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions – or any of them - or any other compositions in the ASCAP repertory for which Defendants have no license – and from causing or permitting the compositions to be publicly performed at Gotham Citi Café, or at any place owned, controlled, managed, or operated by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise;

II.    That Defendants be ordered to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred and Fifty Dollars ($750) with respect to  each of the three causes of action herein;

III.    That Defendants be ordered to pay the costs of this action and that reasonable attorneys' fees be allowed as part of the costs; and

IV.    For such other and further relief as may be just and equitable.

Dated: June 16, 2026

<div style="margin-left:40%">

Respectfully submitted,

UNIVERSAL MUSIC CORP., W CHAPPELL MUSIC CORP. d/b/a WC MUSIC CORP., J & N PUBLISHING d/b/a JUAN & NELSON PUBLISHING,

By their attorneys,

DILWORTH IP, LLC


/s/ Eric Osterberg
Eric C. Osterberg (ct22679)
470 James Street, Suite 007
New Haven, CT 06513
203-220-8496
eosterberg@dilworthip.com

</div>

**Schedule A**

Columns

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Cause of Action | Plaintiff | Musical Composition | Writers | Date of Publication or Registration | Certificate of Registration Number | Date of Known Infringement |
| 1. | UNIVERSAL MUSIC CORP. | LIP GLOSS | W. James Chambers<br><br>Niatia J. Kirkland | March 6, 2007 | PA 1-597-347 | June 15, 2025 |
| 2. | W CHAPPELL MUSIC CORP. d/b/a WC MUSIC CORP. | NO HANDS | Christopher Gholson Juaquin Malphurs Olubowale Akintimehin Jeffrey Johnson | October 5, 2010 | PA 1-739-078 | June 14, 2025 |
| 4. | J & N PUBLISHING d/b/a JUAN & NELSON PUBLISHING | OBSESION | Anthony Santos | September 20, 2004 | Pau 2-900-058 | June 15, 2025 |

4928-2463-8901, v. 1

<u>CERTIFICATE OF SERVICE</u>

I certify that on June 16, 2026 a copy of the foregoing document was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic filing. Parties may access this filing through the Court's CM/ECF System.

<u>/s/Eric Osterberg</u>
Eric Osterberg

4924-5645-7653, v. 2

7